IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MORRIS B JOYNER,

    Petitioner,

v.                                      CASE NO. 1:07-cv-165-MP-GRJ

FLORIDA PAROLE COMMISSION,
et al.,

    Respondents.
_____/

## REPORT AND RECOMMENDATION

    This case is before the Court on Doc. 1, Petitioner's *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Petition stems from Petitioner's 1993 Alachua County *nolo contendere* pleas to five counts of lewd and lascivious assault. After serving a term of imprisonment, Petitioner was released to Conditional Release Supervision. He subsequently pleaded guilty to violating a condition of release by possessing marijuana, and the Florida Parole Commission ("Commission") revoked his conditional release. Petitioner contends that the Commission violated his right to due process during the revocation proceeding. Respondent has filed a response and appendix with relevant portions of the state-court record, and Petitioner filed a reply. Docs. 13, 16. Upon due consideration of the Petition, the Response, the Reply, and the state-court record, the undersigned recommends that the Petition be denied.[1]

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

**State-Court Proceedings**

Petitioner was represented by appointed counsel during the revocation proceeding. The violation report reflects that in May 2005 Petitioner reported to his parole officer and submitted to a urinalysis, which tested positive for marijuana. Respondent's Appendix Exhibit ("App. Exh.") D. Petitioner initially denied the charge, but at the revocation hearing before a Parole Examiner he admitted the violation. The Parole Examiner received character testimony from Petitioner's parole officer and two acquaintances, and also received letters in support of Petitioner. Petitioner gave testimony and presented a statement, with the assistance of counsel, and requested reinstatement to conditional release. The Parole Examiner found Petitioner guilty on the basis of his admission of guilt and recommended that Petitioner be restored to supervision with credit for time served. *Id*. Exh. F. Following review of the hearing record, the Commission concluded that Petitioner violated the terms of his conditional release by using and/or possessing marijuana, and that "for the best interests of society" Petitioner should be returned to custody. *Id*.

Petitioner filed a petition for a writ of mandamus in Leon County Circuit Court, asserting that his due process rights were violated because he was not afforded a meaningful hearing, the Commission failed to give a written statement of reasons why his supervision was revoked, and the Commission's rejection of the hearing examiner's findings was not supported by competent substantial evidence. *Id*. Exh. H. The state court denied relief as follows:

> The Court finds that the record reflects that the plaintiff received every due process protection that he was entitled to under [*Morrissey v. Brewer*, 408 U.S. 471 (1972)] and Florida law. It must be noted that the plaintiff, who

was represented by appointed counsel at his hearing, admitted his guilt as to the charged violation of possession marijuana, and the hearing was essentially a forum for the plaintiff to present character reference testimony. In addition, the Hearing Examiner forwarded to the Commission as part of the hearing packet the plaintiff's written statement and four character reference letters. No mandamus relief may be afforded as to the plaintiff's first claim.

Next, the plaintiff contends that the Parole Commission failed to provide a written statement as required by Rule 223-23.011(4)(i), Fla. Admin. Code . . . The revocation Order in this case states:

> Violated Condition 4(b) by using or possessing narcotics, drugs or marijuana, unless prescribed by a physician, in that on or about May 5, 2005, he did use and/or possess marijuana, not prescribed by a physician.
>
> On June 20, 2005, the subject admitted the charge of violating his Conditional Release and was given an opportunity to present evidence in mitigation on his behalf. . . and it deems it for the best interest of society and the Conditional releasee, that Morris B. Joyner be returned to the custody of the Department of Corrections, there to remain not to exceed his/her sentence or until further order of the Commission.

This written statement provides the required evidence relied upon and the reason for revocation.

Finally, the plaintiff contends that the Parole Commission abused its discretion in rejecting the Hearing Examiner's recommendation that he be restored to supervision, citing *Tedder v. Florida Parole Commission*, 842 So.2d 1022 (Fla. 1st DCA 2003). *Tedder* does not apply to the case s*ub judice* because the Parole Commission did not substitute its own factual findings for those of the Hearing Examiner's as the plaintiff suggests. Rather, the Parole Commission simply elected to not follow the disposition recommended by the Hearing Examiner that the plaintiff be found guilty but restored to supervision. Hearing examiners' recommendations are not binding on the Parole Commission. *See Harvard v. Florida Parole Commission*, 782 So.2d 904 (Fla. 1st DCA 2001) (where the Commission has set only one PPRD, the commission is not bound by the recommendation of the hearing examiner); *accord Dornau v. Florida Parole and Probation Commission*, 420 So.2d 894 (Fla. 1st DCA 1982).

In the present case, the Parole Commission accepted the hearing

> examiner's factual findings that the plaintiff was guilty of the charged violation based on his admission and the evidence, and the Commission properly exercised its discretion not to follow the examiner's recommendation that the plaintiff be restored to supervision following the guilty findings.

App. Exh. J.

Petitioner reasserted his due process claims on appeal, but the First District Court of Appeal determined that his claims were without merit and denied relief. *Id*. Exh. O.

Petitioner then filed the instant Petition, which Respondent concedes is timely. As grounds for relief, Petitioner contends that his right to due process under the Fourteenth Amendment was violated because (1) he was deprived of his liberty for a single violation of a supervision condition "without any reasoned finding or evidence that revocation was necessary;" and (2) he was denied a "meaningful" hearing regarding revocation of release because the Commission made the decision "*ex parte,* by non-participatory parties, based upon a second hand, non-verified, unnotarized, hearing summary." Doc. 1.

Respondent argues that Petitioner received all process due under *Morrissey*, and that Petitioner has failed to show that the state court's rejection of his due process claims was contrary to, or an unreasonable application of, federal law. Doc. 13. In his reply, Petitioner contends that due process required that he be present at the "final" hearing by the Commission. Petitioner argues that the Commission's rejection of the Parole Examiner's recommendation as to punishment was arbitrary and contrary to Florida law, and deprived him of a meaningful hearing. He contends that the Commission failed to account for mitigating factors that the Parole Examiner accepted. He contends that the Commission failed to apply state law requiring the State to prove

that his violation of the terms of conditional release was "willful and substantial."   Doc. 16.

### Section 2254 Standard of Review

Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir. 2003) (citations omitted) ("The decisions of other federal circuit courts (and our decisions for that matter) are helpful to the AEDPA inquiry only to the extent that the decisions demonstrate that the Supreme Court's pre-existing, clearly established law compelled the circuit courts (and by implication would compel a state court) to decide in a definite way the case before them."). *See also, Carey v. Musladin,* 549 U.S. 70, 74-77 (2006) (§

2254 refers to holdings, rather than *dicta,* of the Supreme Court, collecting circuit cases "[r]eflecting the lack of guidance from this Court," on the issue).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings. *Williams v. Taylor,* 529 U.S. 362, 404-406 (2000); *Bell v. Cone,* 535 U.S. 685, 694 (2002) (citing *Williams* ). Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Williams,* 529 U.S. at 412-13. "Avoiding these pitfalls [described in *Williams v. Taylor* ] does not require citation of our cases-indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8  (2002) (emphasis in original). Further, "whether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson,* 542 U.S. 649, 652  (2004).

### Due Process Requirements for Revocation Proceedings

"There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners."  *Swarthout v. Cooke,* ___ U.S. ___, 131 S.Ct. 859, 862 (2011) (citing *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 7 (1979)).  "When, however, a State creates a liberty interest, the Due Process Clause

requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures." *Swarthout*, 131 S.Ct. at 862.

In a parole revocation proceeding, the following minimum requirements of due process must be provided:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses . . . ; (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Morrissey*, 408 U.S. at 488-89. "These requirements in themselves serve as substantial protection against ill-considered revocation." *Gagnon v. Scarpelli*, 411 U.S. 778, 787 (1973). A revocation hearing does not "equate...to a criminal prosecution in any sense," *Morrissey*, 408 U.S. at 489, and thus, the full panoply of rights afforded to the criminal defendant are not afforded to one facing revocation.

## Discussion

Upon an independent review of the record and the state court's disposition of Petitioner's due process claims, and mindful of the high degree of deference that is afforded to the state court's assessment of Petitioner's claims, the Court concludes that Petitioner has presented no basis for federal habeas relief. The record fully supports the state court's finding that Petitioner's revocation proceeding fulfilled the due process requirements of *Morrissey*. Petitioner received written notice of the violation, the urinalysis results were disclosed to him, and – with the assistance of counsel – he admitted the violation. Petitioner testified in person before the Parole Examiner regarding mitigation, and presented live witnesses and written statements. Following

consideration of the Parole Examiner's recommendation, the Commission issued a written statement explaining that Petitioner's release was revoked on the basis of his admission to violating the terms of his conditional release. There is no merit to Petitioner's assertion that he should have been given a second hearing before the full Commission. There is no requirement in *Morrissey* or its progeny that a parolee facing revocation be given two "final" hearings before two different bodies.

It is clear that Petitioner's primary complaint concerns the Commission's rejection of the Parole Examiner's recommendation that Petitioner be reinstated to conditional release, a decision that Petitioner contends was arbitrary and does not comport with the evidentiary standards of state law. But the relationship between the Parole Commission and the hearing officer is a matter of state law. *See Dornau v. Fla. Parole and Probation Comm'n.*, 420 So.2d 894 (Fla. 1st DCA 1982). Matters of state law do not give rise to federal habeas relief, and state evidentiary standards governing parole decisions are not a component of the liberty interest that is protected by federal due process requirements. *Swarthout*, 131 S.Ct. at 863. In *Swarthout*, the Supreme Court concluded that "[s]uch reasoning would subject to federal-court merits review the application of all state-prescribed procedures in cases involving liberty or property interests, including (of course) those in criminal prosecutions. That has never been the law. To the contrary, we have long recognized that 'a mere error of state law is not a denial of due process.'" *Id*. (citation omitted).

In the same vein, insofar as Petitioner complains that the Parole Commission did not set forth specific reasons for their decision, the Parole Commission did state the revocation was based on Petitioner's admission of guilt and "in the best interests of

society and the releasee." This is sufficient to meet the demands of the Fourteenth Amendment and *Morrissey's* requirement of a written statement.

In sum, Petitioner has failed to show that the state court's rejection of his due process claims was contrary to, or an unreasonable application of, federal law.

## Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that the Petition for a Writ of Habeas Corpus be **DENIED,** and that a certificate of appealability be **DENIED**.

**IN CHAMBERS** this 22nd day of June 2011.

s/Gary R. Jones
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**